UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| THE FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>TELOS CORPORATION, et al.,<br><br>  Defendants. | Civil Action No. 1:22-cv-00135-AJT-IDD<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ALASKA ELECTRICAL PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 793 PENSION PLAN, AND THE FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL**

Proposed lead plaintiff, Alaska Electrical Pension Fund, International Union of Operating Engineers Local 793 Pension Plan, and the Firemen's Retirement System of St. Louis (collectively, the "Pension and Retirement Funds"), respectfully submit this Memorandum of Law in support of their motion for: (1) appointment of the Pension and Retirement Funds as Lead Plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Saxena White P.A. ("Saxena White") as Lead Counsel.  As shown herein, the motion should be granted.

The PSLRA provides that within 90 days after publication of the notice, the Court "shall consider any motion made by a purported class member" and "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of

- 1 -

adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Pension and Retirement Funds should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have the largest financial interest in this litigation of any proposed lead plaintiff of which they are aware; and (3) will fairly and adequately represent the interests of the class.

**I.   STATEMENT OF THE CASE**

This securities fraud class action was filed by the Firemen's Retirement System of St. Louis on behalf of persons who purchased or otherwise acquired Telos Corporation ("Telos" or the "Company") common stock between November 19, 2020 and November 12, 2021 (the "Class Period").  This action was brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.  ECF No. 1 at ¶20.  Pursuant to the PSLRA, "all discovery and other proceedings" are stayed during the pendency of a motion to dismiss.  *See* 15 U.S.C. §78u-4(b)(3)(B).  Thus, the threshold issue now before the Court is the appointment of Lead Plaintiff.

**II.   STATEMENT OF FACTS**

Telos, headquartered in Ashburn, Virginia, develops and implements cyber, cloud, and enterprise security technology and products – including "ID Trust 360," an FBI-certified, enterprise-class digital identity risk platform for extending software-as-a-service and custom digital identity services.  Telos shares trade on the NASDAQ Exchange under the ticker symbol TLS.

In July 2020, Telos announced it was one of three vendors chosen by the U.S. Transportation Security Administration (the "TSA") for a ten-year contract to provide TSA PreCheck® enrollment services using the ID Trust 360 platform.  Then, in October 2020, Telos announced a ten-year, multibillion-dollar contract with the Centers for Medicare and Medicaid Services ("CMS") using ID Trust 360.  On the shoulders of the TSA and CMS contract announcements, Telos held its initial

- 3 -

public offering ("IPO"), and in doing so touted "rapidly accelerating revenue growth beginning in 2021 and 2022" due in part to the significant revenue stream the TSA and CMS contracts would generate. ECF No. 1 at ¶7. Thereafter, defendants repeatedly affirmed that the TSA and CMS contracts were on track to begin generating revenues as projected and that the Company's guidance was "conservative."

The Complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) the TSA and CMS contracts, which constituted a majority of Telos' future revenues, were not on track to commence as represented at the end of 2021 and in 2022; (ii) defendants lacked a reasonable basis and sufficient visibility to provide and affirm Telos' 2021 guidance in the face of the uncertainty surrounding the TSA and CMS contracts; (iii) COVID-19- and hacking scandal-related headwinds were throwing off the timing for performance of the TSA and CMS contracts and their associated revenues; (iv) as a result, the guidance provided by defendants was not in fact "conservative"; (v) as a result of the delays, Telos would be forced to dramatically reduce its revenue estimates; and (vi) as a result of the foregoing, defendants' statements about Telos' business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis. ECF No. 1 at ¶13.

On November 15, 2021, Telos disclosed that the CMS and TSA PreCheck® contracts would be delayed with only the TSA PreCheck® commencing in 2022, while the CMS contract was pushed back into 2023 or beyond. Newly installed Chief Financial Officer, defendant Mark Bendza, also acknowledged deficiencies in Telos' past guidance process, stating: "[G]oing forward . . . I will guide based on what [we] have a high degree of visibility into at a point in time. And so you're going to see that in how we guide going forward." ECF No. 1 at ¶16. On this news, the price of Telos shares fell by more than 28%, damaging investors.

As a result of defendants' alleged wrongful acts and omissions and the decline in Telos' share price, class members have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Pension and Retirement Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 432-36 (E.D. Va. 2000) (Ellis, J.) (explaining procedure). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *MicroStrategy*, 110 F. Supp. 2d at 433. The Pension and Retirement Funds satisfy these criteria and should therefore be appointed as Lead Plaintiff.

##### 1. The Pension and Retirement Funds Timely Moved For Appointment

Saxena White published the statutory notice in this action on February 7, 2022, which advised class members of the pendency of the action, the claims asserted, the relevant time period and the right to move the Court for appointment as Lead Plaintiff by no later than April 8, 2022. *See* Declaration of Craig C. Reilly in Support of the Motion of Alaska Electrical Pension Fund, International Union of Operating Engineers Local 793 Pension Plan, and the Firemen's Retirement

System of St. Louis for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Reilly Decl."), Ex. A.  Because this motion is being timely filed by the statutory deadline, the Pension and Retirement Funds are entitled to be considered for appointment as lead plaintiff.

### 2. The Pension and Retirement Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications and loss chart, the Pension and Retirement Funds purchased 89,600 shares of Telos stock during the Class Period, suffering more than $1.2 million in recoverable losses as a result of defendants' alleged misconduct.  *See* Reilly Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Pension and Retirement Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension and Retirement Funds Otherwise Satisfy Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "This inquiry need not be as 'searching as the one triggered by a motion for class certification,' because the inquiry focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified." *MicroStrategy*, 110 F. Supp. 2d at 435 (citation omitted).  "Accordingly, a district court need only determine (i) whether the movant's 'claims or defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately protect the interests of the class.'" *Id.* (citation omitted).

"A person's claim is 'typical' 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (citation omitted).  Here, the Pension and Retirement Funds meet this requirement because, just like all other class members, they purchased Telos common stock in reliance upon defendants'

allegedly materially false and misleading statements and suffered damages thereby. *Compare supra* §II *with* ECF. No. 1. Thus, the Pension and Retirement Funds' claims are typical of those of other class members because every claim arises out of the same course of events and is based on the same legal theories.

"[W]ith respect to 'adequacy,' a person may be an adequate representative of the class where that person (i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *MicroStrategy*, 110 F. Supp. 2d at 435-36. The Pension and Retirement Funds are adequate representatives of the class because they suffered significant losses on their investments in Telos common stock and are motivated to diligently pursue the putative class's claims (as demonstrated by, *inter alia*, one of the Pension and Retirement Funds filing the complaint in this action). *See* Reilly Decl., Exs. B-C. The Pension and Retirement Funds' interests in the action are clearly aligned with the interests of the other members of the class.

Further, each of the Pension and Retirement Funds have significant experience serving in a fiduciary capacity and supervising the work of outside counsel. As set forth in greater detail in the Joint Declaration submitted herewith (*see* Reilly Decl., Ex. D), the Pension and Retirement Funds fully understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. The Pension and Retirement Funds' collaboration in this litigation follows from their roles as fiduciaries to their respective members and their shared goals and interests in protecting and maximizing pension fund assets. Moreover, before filing this motion, representatives of the Pension and Retirement Funds discussed, among other things, the lead plaintiff process, the merits of the claims and the status of the investigation first initiated by the Firemen's Retirement System of St. Louis before the filing of the initial complaint in this action, and the Pension and

Retirement Funds' common goals and strategy for the joint prosecution of this action (including making logistical arrangements to ensure seamless and efficient joint prosecution of this action and engaged oversight of counsel).  *See* Reilly Decl., Ex. D at ¶¶ 5-9.  Thus, the Pension and Retirement Funds have the incentive and commitment to vigorously prosecute this action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.  In fact, the Pension and Retirement Funds are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001).  Finally, the Pension and Retirement Funds have selected qualified counsel to represent them and the putative class.  *See* §III.B., *infra*.

As such, the Pension and Retirement Funds have made the *prima facie* showing of typicality and adequacy under Rule 23 for the purposes of this motion.

      **B.**    **The Pension and Retirement Funds' Selection of Lead Counsel Should Be Approved**

Pursuant to the PSLRA, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class.  15 U.S.C. §78u-4(a)(3)(B)(v).  The Pension and Retirement Funds respectfully submit that their selection of Robbins Geller and Saxena White as Lead Counsel should be approved.  *See* Reilly Decl., Exs. E-F.

Robbins Geller, a 200-attorney nationwide law firm regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys

to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Knurr v. Orbital ATK, Inc.*, 2019 WL 3317976, at *1 (E.D. Va. June 7, 2019) (Judge Ellis granting final approval and lauding Robbins Geller and liaison counsel Craig C. Reilly's efforts in achieving the $108 million settlement with "skill, perseverance, and diligent advocacy."). In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[1]

Saxena White also has achieved substantial recoveries on behalf of investor classes when serving as lead or co-lead counsel in securities class actions, including in this District. This includes the $210 million recovery for the investor class in *In re Wilmington Trust Sec. Litig.*, No. 1:10-cv-00990-ER (D. Del.); the $73 million recovery in *In re Rayonier Inc. Sec. Litig.*, No. 3:14-cv-01395-

---

[1] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

TJC-JBT (M.D. Fla.); the $135 million recovery in *Peace Officers Annuity and Benefit Fund of Ga. v. DaVita Inc.*, No. 1:17-cv-00304-WJM-NRN (D. Colo.; the $53 million recovery in *Cent. Laborers' Pension Fund v. SIRVA, Inc.*, No. 1:04-cv-07644 (N.D. Ill.); the $50 million recovery in *In re HD Supply Holdings, Inc. Sec. Litig.*, No. 1:17-cv-02587-ELR (N.D. Ga.); and $25 million recovery in *Plymouth Cty. Ret. Sys. v. GTT Commc'ns, Inc.*, No. 1:19-cv-00982-CMH-MSN (E.D. Va.). Moreover, Saxena White achieved a settlement valued at $320 million in a derivative action on behalf of Wells Fargo & Company, including a $240 million monetary component that represents the largest insurer-funded monetary recovery in a derivative settlement in history. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 4:16-cv-05541-JST (N.D. Cal.). Furthermore, as a federally certified woman- and minority-owned firm specializing in representing institutional investors in securities litigation, Saxena White is deeply committed to the important goal of increasing diversity among class counsel.

Saxena White and Robbins Geller also have a history successfully prosecuting securities class actions as lead counsel, including in *Plymouth Cty. Ret. Sys. v. Patterson Co.*, No. 0:18-cv-00871-MJD-SER, ECF No. 63 (D. Minn. Aug. 30, 2018), where, late last year, the firms – representing a group of public and union pension funds – recovered $63 million (subject to final approval). *See also Sheet Metal Workers Loc. 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856-AKK, 2020 WL 10225781, at *1 (N.D. Ala. Sept. 11, 2020) (appointing Saxena White and Robbins Geller as lead counsel to a group of public and union pension funds, finding that the two firms are "more than capable of protecting the interests of the proposed class").

Mr. Reilly is a member of the bar of the Court and has previously been approved as liaison counsel for the class in actions brought under the PSLRA. *E.g.*, *Knurr*, 2019 WL 3317976 at *1, *MicroStrategy*, 110 F. Supp. 2d 427. *See* Reilly Decl., Ex. G.

Thus, the Court may be assured that by granting this motion, the class will receive the highest caliber of legal representation.

Accordingly, the Pension and Retirement Funds' selection of counsel for the class should be approved.

## IV. CONCLUSION

The Pension and Retirement Funds have satisfied each of the PSLRA's criteria for appointment as Lead Plaintiff and approval of their selection of counsel. Accordingly, the Pension and Retirement Funds respectfully requests that the Court grant their motion.

DATED: April 8, 2022

Respectfully submitted,

THE OFFICE OF CRAIG C. REILLY
CRAIG C. REILLY, VSB #20942

*s/ Craig C. Reilly*
CRAIG C. REILLY

209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone: 703/549-5354
703/549-5355 (fax)
craig.reilly@ccreillylaw.com

Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

SAXENA WHITE P.A.
STEVEN B. SINGER
RACHEL A. AVAN
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: 914/437-8551
888/631-3611 (fax)

SAXENA WHITE P.A.
JOSEPH E. WHITE, III
LESTER R. HOOKER
7777 Glades Road, Suite 300
Boca Raton, FL 33434
White Plains, NY 10606
Telephone: 561/394-3399
561/394-3382 (fax)

Proposed Lead Counsel for Proposed Lead Plaintiff

- 11 -